**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VIRGILIO GARCIA MARTINEZ,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, *et al.*,<br>Respondents. | Case No. 2:26-cv-13128-RAO<br><br>ORDER GRANTING UNOPPOSED PETITION FOR WRIT OF HABEAS CORPUS |

On November 9, 2026, Petitioner Virgilio Garcia Martinez (A#246-062-603), a noncitizen in immigration custody at the Desert View Facility in Adelanto, California and represented by counsel, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. No. 1 ("Pet."). The same date, Petitioner filed an application for Temporary Restraining Order ("TRO Application"). Dkt. No. 2. Petitioner seeks his immediate release on the grounds that ICE violated his constitutional due process and statutory rights by unlawfully detaining him without first providing adequate pre-detention notice and process.

On November 9, 2026, the Court issued a Notice of General Order 26-05 and Briefing Schedule that requires Respondents to file an Answer to the Petition by no later than seven days from the date of the Notice. Dkt. No. 5. To date, Respondents

have not filed an answer or otherwise communicated with the Court. In light of the absence of an Answer, the Court deems the Petition unopposed.

For the reasons set forth below, the Petition is GRANTED, and Respondents are ORDERED to release Petitioner immediately.

Petitioner is a citizen of Mexico who entered the United States around 2000. Pet. at 4. He has maintained his principal residence in this country for the last 26 years, has been employed, and has no criminal history. *Id.* Immigration authorities arrested Petitioner on October 5, 2026, outside his home as he was returning from work. *Id.* at 4-5. Petitioner is being treated as a mandatory detainee under 8 U.S.C. § 1225(b). *Id.* at 9.

The Petition raises the following claims: his warrantless arrest violates the Immigration and Nationality Act (INA); his mandatory detention violates the INA; his arrest and detention violates procedural due process; and his seizure was in violation of Fourth Amendment. *See* Pet. at 8-11.

Addressing Petitioner's due process violation claim, the Court applies the familiar two-step framework for analyzing such claims: first, it determines whether petitioner has a protected liberty interest; and second, it examines what procedures are necessary to ensure that any deprivation of that interest is constitutional. *See Johnson v. Ryan*, 55 F.4th 1167, 1179 (9th Cir. 2022). In analyzing the second step, many courts have turned to the factors outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976). *See Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1206–07 (9th Cir. 2022). Those factors consider (1) the private interest affected, (2) the risk of an erroneous deprivation of that interest, and (3) the government's interest involved, including any fiscal or administrative burden that additional procedures would entail. *Mathews*, 424 U.S. at 335.

Like numerous other courts throughout the Ninth Circuit addressing similar facts, the Court finds that Petitioner, who has built a substantial life in the United

States over the 26 years he has lived here, has a constitutionally protected liberty interest in remaining out of custody. *See Gutierrez-Cruz v. Warden or Facility Administrator*, 2026 WL 2621205, at *2 (Sept. 4, 2026) ("An alien, such as [p]etitioner, who builds a substantial life in the United States over a period of years after entering without inspection develops a constitutionally protected liberty interest in remaining out of custody.") Petitioner has a protected due process interest in being released, as he has lived in this country for approximately 26 years building a life and establishing community ties. *Zadvydas v. Davis*, 533 U.S. 678, 679 (2001) ("[T]he Due Process Clause applies to all persons within the United States, including [noncitizens], whether their presence is lawful, unlawful, temporary, or permanent."); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1033 (N.D. Cal. 2025) (petitioner has substantial private interest in remaining in her home, continuing her employment and maintaining her community ties).

Turning to the *Mathews* factors, the Court finds that their application to the facts here militates in favor of a finding that Petitioner's due process rights were violated. Petitioner's private interest in remaining free and out of custody is indisputably high. The risk of an erroneous deprivation of that interest is significant because Petitioner has not been afforded a custody determination hearing at which he could challenge his detention. Lastly, the government's interest in detaining Petitioner without notice or a hearing is low as bond hearings impose minimal effort and cost. Because Respondents elected not to respond to the Petition, the record is devoid of any evidence or argument of a significant government interest in detaining Petitioner. Thus, it is uncontroverted that Petitioner has a significant due process interest in being released and poses no apparent risk of flight or danger to the community.

In sum, the Court concludes that ICE's arrest and detention of Petitioner violated his procedural due process rights. Considering these circumstances and

Respondents' non-opposition, the Court concludes Petitioner's immediate release is warranted.

Accordingly, the Court GRANTS the Petition and ORDERS Respondents to release Petitioner Virgilio Garcia Martinez (A#246-062-603) from immigration custody immediately. Respondents shall file a "Notice of Release" within two days of the entry of this Order.

Petitioner's TRO Application is denied as moot.

DATED: November 17, 2026

/s/

HONORABLE ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE